## THE GOLDEN KAURI.
### No. 194.

District Court, E. D. Louisiana.
July 14, 1939.

W. J. & H. W. Waguespack, of New Orleans, La., for libelant.

Terriberry, Young, Rault & Carroll, and Benjamin W. Yancey, all of New Orleans, La., for respondent.

BORAH, District Judge.

This is a libel in rem in which Ananias Hope, former third officer of the steamship Golden Kauri, is seeking to recover damages on the ground that he was wrongfully discharged from the vessel's service. The undisputed facts are these: On March 22, 1935, at the port of San Francisco, California, libelant entered the service of the ship at a rate of wages of $125 per month, and signed the following articles of agreement: "It is agreed between the Master and seamen, or mariners, of the S. S. 'Golden Kauri', San Francisco, Cal., of which W. E. Warnell is at present Master, or whoever shall go for Master, now bound for the Port of San Francisco, Cal. to New Orleans and/or such other ports and places in any part of the world as the Master may direct, and back to a final port of discharge in the United States to be determined by Master, for a term of time not exceeding 6 calendar months".

After remaining in the San Francisco Bay area for several days loading general cargo, the vessel proceeded on her voyage with libelant on board and arrived at New Orleans on April 14, 1935. From thence the vessel called in the order named at the ports of Houston, Corpus Christi and Tampa, arriving at the latter port on April 27, 1935. At each of these ports the vessel accepted cargo for delivery to the West Coast; however, all of the cargo taken on the West Coast which was destined for the Gulf was not discharged until the vessel reached the port of Tampa.

After the discharge of all eastbound cargo the master closed the articles before the Acting United States Shipping Commissioner at the port of Tampa and discharged the crew. When the crew was paid off libelant refused to accept the sum of $19.30 which was due him as wages, but since the filing of this libel he has accepted said sum.

The present libel as amended contains no claim whatsoever for wages for which the libelant has worked but is strictly one for alleged illegal discharge. Specifically, libelant's claim is for one month's wages, for subsistence and railroad fare from Tampa, Florida, to San Francisco, California, and for lodging and meals from April 27, the date of discharge, to May 16, 1935, the date of arrival of the vessel in San Pedro, California.

Libelant contends that the shipping articles do not specify clearly the nature of the voyage and because of this ambiguity and uncertainty the construction which is most favorable to the seamen should be adopted. The claim is made that the phrase "and back to a final port of discharge in the United States" should be interpreted to mean that libelant could not be discharged until the vessel had returned "back" to the West Coast; and that San Francisco was the "final" port of discharge because the vessel discharged cargo and simultaneously loaded cargo for the port of San Francisco at all Gulf ports.

Under these articles it is clear that the master could have proceeded from New Orleans to any other port or place in any part of the world. Had he gone from New Orleans to a foreign port he would have to return "back" not to the Pacific Coast but to a port in the United States to be determined by him. It is equally plain that provided only he discharge his crew in the United States, the master was to select the port at which, for reasons of the convenience of the ship's business, he desired to make a final discharge of the crew. Having at Port Tampa discharged the vessel of all cargo which had been taken on the Pacific Coast for the Gulf, the master was justified in considering that particular voyage terminated. The Court concludes that the Shipping Commissioner correctly decided that the provisions of the articles allowed their closing at Tampa, that he discharged the crew in accordance with law and that libelant having received his earned wages, has no further claim.

Apart from these considerations libelant is precluded from a recovery in this action. This is a proceeding in rem and it is settled that where services have not, in fact, been rendered, there can be no lien as for wages, except in the case provided for in Section 4527 of the Revised Statutes, 46 U.S.C.A. § 594. Libelant is claiming one month's wages but he cannot bring

himself under this statute because he was not discharged before one month's wages had been earned. If he is not claiming under this statute, then his claim runs counter to the settled rule that unexecuted maritime contracts carry no lien. Since a maritime lien is the foundation of the proceeding in rem and since libelant has no lien on the ship to the extent of his claimed damages, it follows that he cannot proceed in rem even if improper discharge be assumed but must resort to whatever remedy he may have, if any, in personam.

A decree may accordingly be entered dismissing the libel with costs.